Matter of Pendergrass (2024 NY Slip Op 04043)

Matter of Pendergrass

2024 NY Slip Op 04043

Decided on July 26, 2024

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, MONTOUR, GREENWOOD, AND HANNAH, JJ. (Filed July 26, 2024.) 

&em;

[*1]MATTER OF ANTHONY L. PENDERGRASS, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of suspension and reinstatement entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on November 28, 2005, as Anthony Leroy Pendergrass, and he maintains an office in Buffalo. In June 2021, the Grievance Committee moved this Court for an order, pursuant to 22 NYCRR 1240.9, suspending respondent from the practice of law while a grievance investigation was pending based on his alleged failure to cooperate in the investigation. By order entered June 22, 2021, this Court granted the motion and suspended respondent from the practice of law until further order of the Court upon his default in responding to the motion. In September 2021, the Grievance Committee filed a petition alleging four charges of professional misconduct against respondent, including neglecting client matters, failing to comply with attorney registration requirements, and failing to cooperate in the grievance investigation. Respondent failed to respond to the petition in a timely manner and, in April 2022, the Grievance Committee moved for an order deeming admitted the allegations of the petition based on his default. While the default motion was pending, respondent retained counsel, filed an answer to the petition, began cooperating in the grievance investigation, and raised various matters in mitigation. In May 2023, respondent moved this Court for an order terminating the interim suspension and reinstating him to the practice of law. The Grievance Committee did not oppose that motion and, by order entered June 30, 2023, this Court granted the motion. The parties now jointly move the Court for an order of discipline by consent. In support of the motion, respondent conditionally admits that he has engaged in certain acts of professional misconduct set forth in three of the four charges in the petition. The parties request that the Court enter a final order imposing the sanction of suspension from the practice of law for a period of two years, effective nunc pro tunc to June 22, 2021.
With respect to the first charge of misconduct addressed in the joint motion, respondent conditionally admits that, in 2017, he agreed to represent a solely owned business as defendant in a federal employment discrimination case. Respondent admits that he failed to execute a retainer agreement specifying the scope of services to be provided to the client. Respondent further admits that, in February 2021, a default judgment in excess of $400,000 was entered against the client based on respondent's failure to comply with discovery deadlines imposed by the federal court. Respondent admits that he had no contact with the client after January 2020, failed to inform the client of the discovery deadlines in her case, and failed to respond to numerous inquiries from the client following the default.
With respect to the second charge of the joint motion, respondent admits that he failed to comply with attorney registration requirements for the 2019-2020 biennial registration period, although the Grievance Committee sent him several notices regarding the delinquency.
With respect to the third charge, respondent admits that, from August 2020 through May 2021, he failed to respond to numerous inquiries from the Grievance Committee regarding certain pending grievance complaints. Respondent also admits that he failed to appear for a formal interview by grievance counsel.
We grant the joint motion of the parties, find respondent guilty of professional misconduct, and conclude that his admissions establish that he has violated the following provisions of the Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.4 (a) (1) (iii)—failing to promptly inform a client of material developments in a matter;
rule 1.15 (d) (1) (iii)—failing to maintain a copy of all retainer and compensation [*2]agreements with a client;
rule 1.16 (e)—withdrawing from the representation of a client without taking steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the client;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
We further conclude that respondent has violated 22 NYCRR 1215.1 by failing to provide to a client, within a reasonable period of time, a letter of engagement or retainer agreement setting forth an explanation of the scope of the legal services to be provided as well as an explanation of the attorneys' fees to be charged, expenses, and billing practices. Finally, respondent violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements.
In imposing the sanction requested by the parties in the joint motion, we have considered in aggravation of the misconduct that respondent caused substantial prejudice to the client who became the subject of the aforementioned default judgment. We have also considered certain factors in mitigation, including respondent's statement that the misconduct occurred while he was experiencing physical and mental health issues for which he has successfully sought treatment and that he agreed to reimburse the client for expenses incurred due to the default judgment and executed a confession of judgment in favor of the client. Accordingly, after consideration of all of the factors relevant to this matter, we conclude that respondent should be suspended from the practice of law for a period of two years, effective nunc pro tunc to June 22, 2021. Inasmuch as respondent was suspended from the practice of law for a two-year period following the interim suspension imposed in June 2021, we further direct that the period of suspension imposed herein is terminated, and respondent is immediately reinstated to the practice of law.